## D. W. Sneed v. J. R. Sneed.

SET-OFF. *Judgments.* This court may set off one judgment against another under the Code, section 2925, both judgments being rendered by it.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

ALLEN & COVINGTON and D. W. SNEED for D. W. Sneed.

WHITMAN & GAMBLE for J. R. Sneed.

COOPER, J., delivered the opinion of the court.

In this cause D. W. Sneed recovered a judgment at this term of the court against J. R. Sneed for $37.30. J. R. Sneed is the assignee and owner of a judgment against D. W. Sneed rendered at the January term, 1877, of this court, in the case of G. A. Davis against D. W. Sneed for $39.27. J. R. Sneed moves the court to have the judgment of $37.30, less the costs of the appeal against D. W. Sneed, which it is agreed shall be first paid, applied in satisfaction *pro tanto* of the judgment of $39.27.

By the Code, section 2925, "judgments in the same court may be set off against each other on motion."

D. W. Sneed objects to the motion upon the ground that the jurisdiction of this court is appellate only, and that the motion involves original jurisdiction. But this court has invariably held that it has power to enforce its judgments in any mode known to the law, and to issue all necessary process for the purpose: *McIntosh* v. *Paul*, 6 Lea, 47, and cases there cited. To set off one judgment of the court against another is only a mode of satisfying a judgment, not original jurisdiction: *Hadley* v. *Hickman*, 1 Yer., 501.

Motion allowed.